887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.B. TAYLOR, et al., Plaintiffs;
Daries Sherrills, Plaintiff-Appellant,
v.
E.P. PERINI, Supt., Defendant-Appellee.
 Nos. 89-3251, 89-3459 and 89-3460.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Plaintiff Sherrills moves to supplement the record in these consolidated appeals from the district court's post-judgment orders in this prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Various prisoners filed a class action suit against the defendant challenging the conditions of confinement at the Marion Correctional Institution (MCI) in Marion, Ohio. The parties settled the class action with an agreement that covered many aspects of prison life. Included in the settlement is a provision that prisoners must exhaust their administrative remedies before seeking enforcement of the terms of the agreement.
 
 
 4
 Sherrills filed three motions to hold the defendant in contempt based on alleged violations of the settlement agreement concerning prisoners' mail, punitive segregation, and religious rights. The district court denied the motions because Sherrills did not exhaust his administrative remedies.
 
 
 5
 The general rule is that the district court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement. Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir.1988). Because Sherrills's motions to hold the defendant in contempt did not show the exhaustion of administrative remedies, the district court properly denied the motions.
 
 
 6
 Sherrills moves to supplement the record with documents showing that he has exhausted his administrative remedies. These documents are not part of the district court record. An appellate court cannot consider a document which was not made a part of the record in the district court. Day v. UAW, Local 36, 466 F.2d 83, 88 (6th Cir.1972). Therefore, the motion to supplement the record will be denied. Sherrills is free to refile his motions in an effort to hold the defendant in contempt and to present the evidence concerning the exhaustion of administrative remedies to the district court.
 
 
 7
 The motion to supplement the record is denied. The orders of the district court are affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation